IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA GUTIERREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>EMPIRE MORTGAGE CORP.;<br>MILLENNIUM SERVICES, LLC; MTC<br>FINANCIAL, INC. dba TRUSTEE<br>CORPS; INDYMAC FEDERAL BANK;<br>FEDERAL HOME LOAN MORTGAGE;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; and<br>DOES 1 - 250, inclusive,<br><br>  Defendants. | CV F 10 – 0079 AWI GSA<br><br>ORDER HOLDING<br>PROCEEDINGS IN<br>ABEYANCE PENDING<br>NOTIFICATION BY<br>PLAINTIFF OF VOLUNTARY<br>DISMISSAL<br><br>Doc. #'s 4 & 6 |

   This is an action for damages and rescission by plaintiff Leticia Gutierrez ("Plaintiff") against defendants Empire Mortgage Corp, et al. ("Defendants"). This action was originally filed in the Superior Court of Merced County and was removed to this court on January 14, 2010. On January 22, 2010, defendant Mortgage Electronic Registration System ("MERS") filed a motion to dismiss all claims. On January 27, 2010, defendants MTC Financial, dba Trustee Corps, ("MTC Financial") filed its motion to dismiss all claims as to it. On February 8, 2010, Plaintiff filed her opposition to the motions to dismiss. Plaintiff's opposition to Defendants' motion to dismiss challenges this court's jurisdiction on the ground that the removing defendants failed to comply with the requirement of 28 U.S.C. § 1446(d). On February 22, 2010, defendant MTC

Financial filed a reply brief in response to Plaintiff's opposition. The court vacated the hearing date for oral argument on Defendants' motions to dismiss on February 25, 2010, and took the matter under submission. Venue is proper in this court.

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979). Subsections 1446(a) and (b) of Title 28 of the United States Code govern the procedure by which a defendant in a civil case may remove an action to a federal court. Pursuant to subsection 1446(a), the removing defendant:

> . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

In addition, subsection 1446(d), requires that the removing defendant shall, promptly after filing the notice of removal in the district court, "give written notice thereof to all adverse parties and shall file a copy of the notice [of removal] with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Plaintiff alleges, and Defendants do not deny, that Defendants never filed a notice of removal with the clerk of the state court as required by subsection 1446(d). Plaintiff alleges that the Notice of Removal was filed in this court on January 14, 2020. On January 9, 2010, Plaintiff filed a First Amended Complaint ("FAC"), in the state action, but not in the action in this court. Plaintiff contends the FAC asserts no federal claims and is therefore non-removable. Plaintiff further contends that the Defendants' removal was defective for failure to file a notice of removal with the state court and was therefore void *ab initio*. Defendants contend that Plaintiff's recourse if the removal was defective is to file a motion for remand, which they point out Plaintiff has not done. Defendants note that Plaintiff has failed to address the substantive grounds for Defendants' motion to dismiss and that aver that the motion to dismiss should be granted.

Two issues are implicated by Plaintiff's contention that the removal was invalid *ab initio*

1  and Defendants' contention that Plaintiff has failed to avail herself of the only proper recourse, a
2  motion for remand.  The first issue is when, in the process of removal, does the district court gain
3  jurisdiction over the claims removed?  The second issue is when does the state court loose
4  jurisdiction over pending claims and pleadings?

5  The only case this court has been able to find that directly confronts the issue of whether
6  removal is effective where the removing party neglects to file a notice of removal with the clerk
7  of the state court is Miller v, Aqua Glass, Inc. 2008 WL 2854125 (D.Or. 2008).  The court's
8  decision in Miller underscores the paucity of authority, both generally and in this circuit, that is
9  directly on point.  As the court in Miller pointed out, "'removal is effected by the defendant
10 taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this
11 notice in the state court, and giving prompt written notice to all adverse parties.' [Citation.]" Id.
12 at *1 (citing 14C Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3737.

13 The Miller court acknowledged the "split of authority on whether the federal court
14 obtains jurisdiction immediately upon the filing of the Notice of Removal with the clerk of the
15 federal court, or only after all three steps are completed."  Id.  The Miller court reject the view
16 expressed in Wright & Miller that "'removal is not effective until all the steps required by the
17 federal statute have been taken by the defendant.' [Citation.]" Id. (citing FEDERAL PRACTICE
18 AND PROCEDURE, § 3737).  The Miller court instead endorsed the approach set forth in 16
19 Moore's Federal Practice – Civil § 107.31, which opines that "'[w]hen a defendant files a notice
20 of removal in federal court and sometime later files the notice in state court, the two courts share
21 concurrent jurisdiction until the notice is filed in state court, which divests the state court of
22 jurisdiction.'"  Id. at *2.

23 As the Miller court notes the approach advocated in Moore's Federal Practice is endorsed
24 by Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975); Davis v. Estate of Harrison, 214
25 F.Supp.2d 695, 697 - 98 (S.D. Miss. 2002); and others.  Likewise, the approach endorsed in
26 Miller seems to not conflict with Ninth Circuit authority that describes the assumption of

28                                                    3

jurisdiction in the federal court as being coincident with the filing of the notice of removal in the federal court.  See Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  This analysis is also compatible with the general rule that a district court has jurisdiction to determine its jurisdiction, McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); and the general rule that a "defective removal is effective, although it may be still be susceptible to a motion to remand." Miller, 2008 WL 2854125 at * 2.

This court finds the reasoning in Miller persuasive and, in adopting that reasoning to this case, reaches two conclusions.  First, consistent with the reasoning in Miller, this court concludes that the notice of removal filed by Defendants in this court is sufficient to have bestowed jurisdiction on this court, at least to the extent that this court must require that any challenge to its jurisdiction be expressed as a motion for remand.  Second, this court concludes that in light of Defendants' failure to notify the state court of the removal, the state court is not obliged under the terms of section 1446(d) to "proceed no further" and consequently shares concurrent jurisdiction over the action that was removed.  See id. ("Until the state court receives the notice [of removal], it retains concurrent jurisdiction with the federal court").

Based on those two conclusions, the court finds that Plaintiff's filing of the FAC in the state court was not ineffective, however Plaintiff cannot accomplish the return of the action in this court to the state court by the simple expedient of pointing out that Defendants failed to file the notice of removal in the state court as required.  If it is Plaintiff's intent to litigate in the state court if possible and if it is Plaintiff's contention that the FAC contains no federal claims and is therefore not removable, then the most direct path forward would be for Plaintiff to dismiss the action in this court pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and to proceed with the action in the state court.  This court will hold all pending motions in abeyance for two weeks pending Plaintiff's decision to dismiss or continue in this court.

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that proceedings in this court shall be held in abeyance for a period of two (2) weeks from the date of service of this order or until such time as Plaintiff files a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, whichever is sooner.

IT IS SO ORDERED.

Dated:   April 20, 2010                             /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE